Dear Mayor Henagan:
You have asked this office to render an opinion as to whether a current member of the Municipal Employees' Retirement System of Louisiana ("MERS"), who is a full-time official, is authorized to utilize La.R.S. 11:1765 to purchase prior service credit for that time which the member was a city councilman, if, at the time of serving as a councilman, the councilman was precluded from receiving credit under La.Const. Art. X, § 29.1. Included within your request are several other queries which, when taken in concert with the above question, all hinge on a reconciliation of La.R.S. 11:1765 with La.Const. Art. X, § 29.1.
In conversations subsequent to this office receiving your request, you report the following facts: You were elected to the DeQuincy City Council from April 1999 until December 2006. You were then elected Mayor of the City of DeQuincy and began serving in that office on January 1, 2007. Your membership in MERS began in 2007 when you were elected mayor.
The principles that apply to the review of the constitutionality of statutes are that, as a general rule, statutes are presumed to be constitutional. City of New Orleans v. Louisiana Assessors'Retirement and Relief Fund, 2005-2548 (La. 10/1/07),986 So.2d 1 at 12. Because the provisions of the Louisiana Constitution are not grants of power, but, instead, are limitations on the otherwise plenary power of the people, exercised through the legislature, the legislature may enact any legislation that the constitution does not prohibit. Id. Nevertheless, the constitution is the supreme law of this state, to which all legislative acts must yield. Id. at 13. When a statute conflicts with a constitutional provision, the statute must fall.Id. If a statute is susceptible of two constructions, one of which would render it unconstitutional, or raise grave *Page 2 
constitutional questions, a court, when reviewing, will adopt the interpretation of the statute which, without doing violence to its language, will maintain its constitutionality. Id.
Applying these principles to the situation at hand, we will first address the constitutional provisions found at La.Const. Art. X, § 29.1, and then look to the statutory provisions found at La.R.S. 11:1765, in order to ascertain if the statutory provisions conflict with the constitutional provisions.
Concerning a previous inquiry related to La.Const. Art. X, § 29.1, this office stated the following in La. Op. Atty. Gen. No. 09-0115:
La.Const. Art. X, § 29.1 became part of the state constitution on January 1, 1997, pursuant to the terms of § 2 of Act 99. La.Const. Art. X, § 29.1 provides, in its entirety:
 29.1 Part-time Public Officials
 (A) Except as provided in Paragraph (B), the following elected or appointed officials are hereby deemed to be part-time public servants who, based on such part-time service, shall not participate in, or receive credit for service in, any public retirement system, fund, or plan sponsored by the state of Louisiana or any instrumentality or political subdivision thereof:
 (1) Any legislator or any member of a school board, levee board, police jury, or parish council.
 (2) Any member of a city council, city-parish council, or town council or any alderman or any constable.
 (3) Any member of a board or commission established by the state of Louisiana or any instrumentality or political subdivision thereof unless authorized by law enacted by two-thirds of the elected members of each house.
 (4) Any person holding or serving in any other elected or appointed position or office defined to be part-time public service by law enacted by two-thirds of the elected members of each house. *Page 3 
 (B) The provisions of Paragraph (A) shall not apply to any person who is serving on January 1, 1997, in any elected or appointed position set forth in Paragraph (A) and who is also a member on January 1, 1997 of a retirement system covering that position.
 (C) The provisions of this Section shall not apply to participation in the Louisiana Public Employees Deferred Compensation Plan, or its successor.
 (D) This Section shall become effective on January 1, 1997.
La. Op. Atty. Gen. No. 09-0115.
Applying La.Const. Art. X, § 29.1(A) to the facts of this situation, the constitutional amendment imposes limitations upon elected members of a city council, who were first elected after January 1, 1997. The limitations imposed are that "the following elected . . . officials . . ., are hereby deemed to bepart-time public servants" . . . who, "based on such part-time service, shall not participate in, or receive credit for servicein, . . . any public retirement system." Because you were elected to the city council after January 1, 1997, you squarely fall within the class of members prohibited from participating in, or receiving credit for service in the state's public retirement systems, including, but not limited to, MERS. You assert that although the constitution prohibited you from membership in MERS, the statutory provisions at La.R.S. 11:1765 nevertheless allow you to purchase that time based upon your current status as a member of MERS.
As stated previously, your membership in MERS began in 2007 when you were elected mayor of the City of DeQuincy. MERS is a state-wide retirement system established by the Louisiana Legislature, whose "members" are the "employees" of municipalities of Louisiana.See La.R.S. 11:1731 through 1884. Membership in MERS is mandatory for any person who becomes an "employee" of a municipality that has entered into an agreement with MERS to extend benefits to its employees. See La.R.S. 11:1733. "Member" is defined at La.R.S. 11:1732(18) as "a contributing employee who is covered under the provisions of this Chapter," while "employee" is defined at La.R.S. 11:1732(13) as "a person including an elected official, actively employed by a participating employer on a permanent, regularly scheduled basis of at least an average of thirty-five hours per week."[1] *Page 4 
You seek to invoke the provisions of La.R.S. 11:1765 in order to purchase service credit in MERS for the time you served as a city councilman. La.R.S. 11:1765 was enacted by Acts 1992, No. 880, § 1, which became effective on July 8, 1992, and provides any member of MERS "serving or who has served, as a city councilman or alderman who has prior service in that office and has been precluded from purchasing credit . . ., shall be allowed to purchase such service if application is made to the Municipal Employees' Retirement System . . ."
MERS is not only governed by the provisions at La.R.S. 11:1731 through 1884, but also by the general and preliminary provisions included in, and made part of, Title 11, entitled the Louisiana Public Retirement Law. SeeLa.R.S. 11:1 et seq. Included within the provisions affecting more than one public retirement system is La.R.S. 11:164. La.R.S. 11:164 virtually mirrors the language set forth in La.Const. Art. X, § 29.1.[2] Thus, the prohibition against a post-1997 councilman participating in a public retirement system is found not only in the constitution, but also in the statutes.
As a result of the legislature's passage of La.R.S. 11:164, this office need not reconcile La.R.S. 11:1765 with La.Const. Art. X, § 29.1. Because you were elected to the city council after January 1, 1997, you fall within the class of members constitutionally and statutorily prohibited from participating in, or receiving credit for service in MERS.
In conclusion, and in answer to your specific inquiry, it is the opinion of this office that, a councilman may not utilize La.R.S. 11:1765 to purchase prior service credit for that time which the member was a city councilman, if, at the time of *Page 5 
serving as a councilman, the councilman was precluded from receiving service credit under La.Const. Art. X, § 29.1(A).
We trust that this adequately responds to your request. If you have any questions please do not hesitate to contact us.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY: _____________________________ SONIA MALLETT Assistant Attorney General
 JDC:SM:jv
[1] La.Const. Art. X, 29.1 and La.R.S. 11:164 deem a city councilman to be a part-time public servant.
[2] La.R.S. 11:164 in its entirety follows:
 A. Except as provided in Subsection B of this Section, the following elected or appointed officials are hereby deemed to be part-time public servants who, based on such part-time service, shall not participate in, or receive credit for service in, any public retirement system, fund, or plan sponsored by the state of Louisiana or any instrumentality or political subdivision thereof:
 (1) Any legislator or any member of a school board, levee board, police jury, or parish council.
 (2) Any member of a city council, city-parish council, or town council or any alderman or any constable.
 (3) Any member of a board or commission established by the state of Louisiana or any instrumentality or political subdivision thereof.
 B. The provisions of Subsection A of this Section shall not apply to any person who is serving on January 1, 1997, in any elected or appointed position set forth in Subsection A of this Section and who is also a member on January 1, 1997 of a retirement system covering that position.
 C. The provisions of subsection A of this Section shall not apply to participation in the Louisiana Public Employees Deferred Compensation Plan, or its successor.